May Term,
1833.

TRIMBLE
v.
GILBERT.

## TRIMBLE v. GILBERT.

Action on the case for causing water to flow back on the plaintiff's land, and thus producing a loss of his building materials on the premises. Plea, not guilty. *Held*, that the plaintiff could not prove, in aggravation of damages, a loss of building materials on the land, if they belonged to the plaintiff and another in partnership.

*Wednesday, May 29.*

ERROR to the *Delaware* Circuit Court. *Trimble* was the plaintiff below and obtained a verdict and judgment, but being dissatisfied with the amount, sued out this writ of error.

M'KINNEY, J.—Trespass on the case. This action is brought to recover damages for the alleged loss of a mill-seat, a spring, and materials for building a mill, caused by the flowing back of water by the erection of a dam, below the plaintiff's land, by the defendant. Plea, not guilty. Verdict and judgment for the plaintiff.

A bill of exceptions presents for our consideration, the correctness of the opinion of the Circuit Court, rejecting certain testimony offered by the plaintiff. It appears that the plaintiff, after he had given evidence of the erection and continuance of the dam, just below his land, by the defendant, and proved the flowing back of the water to the injury of his mill-seat, offered to prove in aggravation of damages, that in the summer of 1828, he and two others entered into partnership to erect a mill on said land, and that the plaintiff individually expended in preparations to erect the mill, at least 100 dollars; and that upon the erection of the dam, the flowing back of the water and spoiling the mill-seat, the building of the mill was abandoned, and the materials lost; that this evidence was rejected by the Court, because the witness had previously stated, that no money was expended until after the partnership.

This action is proper for the recovery of damages, for an injury such as is complained of; and the plaintiff, after proving the acts constituting the cause of action, is permitted to prove in aggravation of damages, other acts which of themselves, though not relied on as the cause of action, may produce incidentally a loss to the party, flowing from the original act. In the present case, though the loss of the mill-seat is the foundation of the action, yet the plaintiff would have the right, if

materials to erect a mill, prepared and collected by him indi-
vidually, were destroyed by the act of the defendant, to give a
loss from such act in evidence, in aggravation of damages. If,
however, the materials were the property of a partnership, of
which the plaintiff was a member, the injury done is to the
partnership, and to obtain remuneration, a joint action should
be brought. An action in the name of one of the partners for
a joint damage, would be clearly subject to a plea in abatement,
and, consequently, in an original action by one of the firm, on
a different foundation, if it be attempted to give such injury in
evidence, in aggravation of damages, the only course is to move
the rejection of such evidence.

The fact of the partnership, and the expenditure of money
for materials being made jointly, is apparent from the record,
so that the evidence proposed was inadmissible. To have ad-
mitted this testimony would have been the assumption of chan-
cery jurisdiction, and have required, after an adjustment of the
respective claims of the parties, the ascertainment of the par-
ticular loss of the plaintiff. With equal propriety, each of the
other partners could maintain a several action for this joint
injury, and thus the maxim *ut sit finis litium,* with the distinc-
tion between actions and rights, would cease to exist.

The Circuit Court was correct in excluding the evidence.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Rariden,* for the plaintiff.

*M. M. Ray,* for the defendant.